UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

LEAH KNEPPAR, on behalf of herself and all others similarly situated,

Plaintiffs,

v.

THE ELEVANCE HEALTH COMPANIES, INC. f/k/a THE ANTHEM COMPANIES, INC.,

Defendant.

Case Action No. 8:23-cv-00863-GLS

Complaint Filed: March 29, 2023

**JURY TRIAL DEMANDED**

## DEFENDANT'S ANSWER TO CLASS AND COLLECTIVE ACTION COMPLAINT

Defendant the Elevance Health Companies, Inc. f/k/a The Anthem Companies, Inc. ("Elevance" or "Defendant") submits its answer to Plaintiff Leah Kneppar's Complaint and states as follows:

## PRELIMINARY STATEMENT

**COMPLAINT ¶ 1:**

This is a class and collective action brought by individual and representative Plaintiff Leah Kneppar ("Plaintiff"), on behalf of herself and all others similarly situated, to recover overtime pay from The Elevance Health Companies, Inc. f/k/a The Anthem Companies, Inc. ("Elevance" or "Defendant").

**ANSWER:**

Defendant admits that Plaintiff filed a complaint against Defendant that she seeks to pursue as a FLSA collective action and a Rule 23 class action based on the Maryland Wage Hour Law ("MWHL"). Defendant denies that collective or class treatment is appropriate, and denies any and all liability and wrongdoing. Defendant denies any remaining allegations in Paragraph 1.

**<u>COMPLAINT ¶ 2</u>:**

Plaintiff brings this action on behalf of herself and all similarly situated individuals for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"). Plaintiffs claim is asserted as a state-wide collective action under the FLSA, 29 U.S.C. § 216(b) consisting of similarly situated persons who are or have been employed by Defendant in Maryland (the "FLSA Collective").

**<u>ANSWER</u>:**

Defendant admits that Plaintiff purports to bring this action as a collective action under Fair Labor Standards Act ("FLSA"). Defendant denies that it violated the FLSA, and denies all liability and wrongdoing. Defendant further denies that this action is suitable for treatment as a collective action. Defendant further denies that Plaintiff is similarly situated to any of Defendant's other employees. Defendant denies any remaining allegations in Paragraph 2.

**<u>COMPLAINT ¶ 3</u>:**

Plaintiff also brings claims under the Maryland Wage Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401, *et seq*. and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq*. for failure to pay overtime on hours exceeding 40 hours per week and failing to pay all wages due, on behalf of a putative class of similarly situated persons who are or have been employed by Defendant in Maryland (the "Rule 23 Class").

**<u>ANSWER</u>:**

Defendant admits that Plaintiff also purports to bring claims under the MWHL and the MWPCL for the causes of action stated. Defendant denies all liability and wrongdoing. Defendant denies all remaining allegations in Paragraph 3.

**<u>COMPLAINT ¶ 4</u>:**

The putative "FLSA Collective" and putative "Rule 23 Class" is made up of all persons who are or have been employed by Defendant in Maryland as Medical Management Nurses, Utilization Management Nurses, Utilization Managers, Utilization Review Nurses, or other similar positions who were paid a salary and treated as exempt from overtime laws, and whose primary job was to perform medical necessity reviews during the applicable statutory period.

**ANSWER:**

Defendant admits that Plaintiff defines her proposed "FLSA Collective" in the manner alleged in Paragraph 4. Defendant denies that collective treatment is appropriate, denies that Plaintiff is similarly situated with the group of individuals she purports to include in this action, and denies all liability and wrongdoing with respect to Plaintiff and any other individuals she purports to include or represent in this action. Defendant denies any remaining allegations in Paragraph 4.

**COMPLAINT ¶ 5:**

Plaintiff and those similarly situated routinely work more than forty (40) hours in a workweek but are not paid an overtime premium for their overtime hours.

**ANSWER:**

Defendant admits that Plaintiff, who was paid a salary for all hours worked each week, was properly classified as exempt from federal and state overtime pay requirements and therefore was not paid overtime wages. Defendant denies the remaining allegations in Paragraph 5.

**COMPLAINT ¶ 6:**

As a result of Defendant's willful and illegal pay practices, Plaintiff and those similarly situated were deprived of overtime compensation for their hours worked in violation of federal and Maryland state law.

**ANSWER:**

Denied.

**JURISDICTION AND VENUE**

**COMPLAINT ¶ 7:**

This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action is brought under the FLSA.

**ANSWER:**

Admitted.

**COMPLAINT ¶ 8:**

In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiffs supplemental state law claims, which are brought pursuant to the laws of the state of Maryland, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

**ANSWER:**

Admitted.

**COMPLAINT ¶ 9:**

Venue is proper in the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district, where Plaintiff and other members of the putative class and collective action performed their work for Defendant.

**ANSWER:**

Admitted.

## PARTIES

**COMPLAINT ¶ 10:**

The Anthem Companies, Inc. is a foreign limited liability company with its principal place of business located at 220 Virginia Ave., Indianapolis, Indiana, 46204, United States.

**ANSWER:**

Admitted, except Defendant notes that The Anthem Companies, Inc. rebranded as The Elevance Health Companies, Inc.

**COMPLAINT ¶ 11:**

The Anthem Companies, Inc. is a wholly owned subsidiary of ATH Holding Company, LLC, which is a wholly owned subsidiary of Anthem, Inc., a publicly held corporation.

**ANSWER:**

Denied.

**COMPLAINT ¶ 12:**

On or about June 28, 2022, Anthem, Inc. rebranded itself as Elevance Health, Inc. As part of this rebranding, The Anthem Companies, Inc. rebranded itself as The Elevance Health Companies, Inc.

**ANSWER:**

Admitted.

**COMPLAINT ¶ 13:**

Elevance Health, Inc. f/k/a Anthem, Inc. is a multi-line health insurance company that provides managed care programs and related services.

**ANSWER:**

Admitted.

**COMPLAINT ¶ 14:**

Elevance Health, Inc. has at least 171 subsidiaries, including 60 regulated insurance companies, that employ thousands of individuals in various jobs to provide a broad suite of insurance products and services.

**ANSWER:**

Admitted.

**COMPLAINT ¶ 15:**

Elevance Health, Inc. organizes those various companies into three divisions: the Government Business Division (GBD), the Federal Employees Program (FEP), and the Commercial and Specialty Business Division (CSBD). Within those divisions, companies' operations are divided geographically into the East, Central, or West region.

**ANSWER:**

Denied.

**COMPLAINT ¶ 16:**

According to its website, Elevance Health, Inc. and its subsidiaries provide healthcare benefits to more than 118 million members nationwide.

**ANSWER:**

Defendant admits that its website indicates that, through its affiliated companies, it serves approximately 118 million people. Defendant denies the remaining allegations in Paragraph 16.

**COMPLAINT ¶ 17:**

Elevance Health, Inc. and its subsidiaries operate in interstate commerce by, among other things, offering and selling a wide array of insurance products and services to customers and consumers in multiple states across the country, including but not limited to, preferred provider organizations, consumer-driven health plans, traditional indemnity, health maintenance organizations, point-of-service, ACA public exchange and off-exchange products, administrative services, Bluecard, Medicare plans, individual plans, Medicaid plans and other state-sponsored programs, pharmacy products, life insurance, disability products, radiology benefit management, personal health care guidance, dental, vision services and products.

**ANSWER:**

Defendant admits that it operates in interstate commerce. Defendant denies the remaining allegations in Paragraph 17.

**COMPLAINT ¶ 18:**

Elevance Health, Inc. subsidiaries enter into a master administrative services agreement to use the same back-office operations for various functions. Those include payroll, human resources, and legal services.

**ANSWER:**

Defendant admits that it provides payroll, human resources, and legal services for its employees, and enters into a master administrative services agreement with Elevance Health, Inc. subsidiaries. Defendant denies any remaining allegations in Paragraph 18.

**COMPLAINT ¶ 19:**

Defendant provides support to other subsidiaries of Elevance Health, Inc. in areas including finance, tax, payroll, and human resources.

**ANSWER:**

Admitted.

**<u>COMPLAINT ¶ 20</u>:**

Elevance Health, Inc. operates office locations in multiple states around the country, including in Maryland.

**<u>ANSWER</u>:**

Admitted.

**<u>COMPLAINT ¶ 21</u>:**

Plaintiff Leah Kneppar is an adult resident of Leonardtown, Maryland, in St. Mary's County, Maryland.

**<u>ANSWER</u>:**

Defendant lacks sufficient information to respond to Paragraph 21, except to confirm Plaintiff is an adult. Defendant therefore denies the other allegations in Paragraph 21.

**<u>COMPLAINT ¶ 22</u>:**

Defendant employed Plaintiff as a Medical Management Nurse II from approximately February 2019 to the present, where she works remotely from her home in St. Mary's County, Maryland.

**<u>ANSWER</u>:**

Defendant admits that it has employed Plaintiff as a Nurse Medical Management II since 2019 and that she works remotely. Defendant lacks sufficient information to respond to the remaining allegations in Paragraph 22 and so denies them.

**<u>COMPLAINT ¶ 23</u>:**

Plaintiff and other similarly situated individuals performed or perform utilization reviews for enrollees in various Medicare Advantage plans in various states.

**<u>ANSWER</u>:**

Defendant admits that Plaintiff performed utilization reviews of requests for benefits by enrollees in various Medicare Advantage plans in various states. Defendant denies that Plaintiff is similarly situated to any of the individuals she purports to represent and denies the remaining allegations in Paragraph 23.

**COMPLAINT ¶ 24:**

Defendant employed Plaintiff and other similarly situated individuals and is an "employer" of Plaintiff and other similarly situated individuals within the meaning of the FLSA and the MWHL.

**ANSWER:**

Defendant denies that Plaintiff is similarly situated to the individuals she purports to include or otherwise represent in this lawsuit. Defendant states that Plaintiff is an "employee" for purposes of the FLSA and MWHL. Defendant denies the remaining allegations in Paragraph 24.

**COMPLAINT ¶ 25:**

Plaintiff's paystubs list The Elevance Health Companies and its principal place of business address as her employer.

**ANSWER:**

Admitted.

**COMPLAINT ¶ 26:**

Plaintiff and the other similarly situated individuals used medical policies, guidelines, and job aids published under the Elevance Health, Inc. f/k/a Anthem, Inc. name when conducting medical necessity reviews.

**ANSWER:**

Defendant admits that Plaintiff utilized medical policies and guidelines in conducting medical necessity reviews. Defendant denies that Plaintiff was similarly situated to any of the individuals she purports to represent and denies the remaining allegations in Paragraph 36.

**COMPLAINT ¶ 27:**

Upon information and belief, Elevance's gross annual sales made, or business done has been in excess of $500,000.00 at all relevant times.

**ANSWER:**

Admitted.

**<u>COMPLAINT ¶ 28</u>:**

At all relevant times, Defendant is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

**<u>ANSWER</u>:**

Admitted.

## <u>FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS</u>

**<u>COMPLAINT ¶ 29</u>:**

At all times relevant herein, Defendant operated a willful scheme to deprive Plaintiff and others similarly situated of overtime compensation.

**<u>ANSWER</u>:**

Denied.

**<u>COMPLAINT ¶ 30</u>:**

Plaintiff and the similarly situated individuals work or worked as Medical Management Nurses, Utilization Management Nurses, Utilization Managers, Utilization Review Nurses, or in similar job titles, and were primarily responsible for performing medical necessity reviews for Defendant.

**<u>ANSWER</u>:**

Defendant admits that Plaintiff was employed by The Elevance Health Companies, Inc. in a Nurse Medical Management role and was primarily responsible for performing medical necessity reviews. Defendant denies that Plaintiff was similarly situated to any of the individuals she purports to include or represent in this lawsuit and denies the remaining allegations in Paragraph 30.

**<u>COMPLAINT ¶ 31</u>:**

In conducting medical necessity reviews, Plaintiff and the other similarly situated individuals' primary job duty is non-exempt work consisting of reviewing medical authorization requests submitted by healthcare providers against pre-determined guidelines and criteria for insurance coverage and payment purposes.

**ANSWER:**

Denied.

**COMPLAINT ¶ 32:**

Within the past three years, Elevance employed licensed practical or licensed vocational nurses who were primarily responsible for conducting the same or similar type of medical necessity reviews as Plaintiff and/or the putative class and collective action members.

**ANSWER:**

Denied.

**COMPLAINT ¶ 33:**

Elevance paid the licensed practical and vocational nurses on an hourly basis and classified them as eligible for overtime pay.

**ANSWER:**

Defendant admits that LPNs and LVNs conducting less complex medical necessity reviews involving explicit criteria do not perform duties that qualify them for overtime exemptions under the FLSA and that The Elevance Health Companies, Inc. thus classified them as non-exempt and paid them on an hourly basis. Defendant denies any remaining allegations in Paragraph 33.

**COMPLAINT ¶ 34:**

Plaintiff and the similarly situated individuals are or were paid a salary with no overtime pay.

**ANSWER:**

Defendant admits that Plaintiff was paid a salary, which provided her with compensation for all hours worked each week, and classified as exempt from federal and state overtime laws. Her salary compensated her for all hours worked, and she did not receive overtime pay under those laws. Defendant denies that Plaintiff was similarly situated to the individuals she purports to include or represent in this lawsuit and denies the remaining allegations in Paragraph 34.

**COMPLAINT ¶ 35:**

Plaintiff and the other similarly situated individuals are or were treated as exempt from overtime laws, including the FLSA.

**ANSWER:**

Defendant admits that Plaintiff was classified as exempt from the overtime requirements of the FLSA and Maryland law. So too were the individuals who Plaintiff purports to represent or otherwise include in this lawsuit, as Plaintiff defines those groups to include individuals classified as exempt from the FLSA. Defendant denies that Plaintiff was similarly situated to the individuals she purports to include or represent in this lawsuit and denies the remaining allegations in Paragraph 35.

**COMPLAINT ¶ 36:**

Defendant suffered and permitted Plaintiff and the other similarly situated individuals to work more than forty (40) hours per week without overtime pay.

**ANSWER:**

Defendant admits that Plaintiff was paid a salary and classified as exempt from federal and state overtime laws. Her salary compensated her for all hours worked, and she did not receive overtime pay under those laws. Defendant denies that Plaintiff is similarly situated to any of the individuals she purports to include or represent in this lawsuit and denies the remaining allegations in Paragraph 36.

**COMPLAINT ¶ 37:**

For example, in the workweek beginning January 30, 2023 through February 3, 2023, Plaintiff estimates that she worked approximately forty-nine (49) hours and did not receive overtime pay for her overtime hours.

**ANSWER:**

Defendant admits that Plaintiff was paid a salary and classified as exempt from federal and state overtime laws. Her salary compensated her for all hours worked, and she did not receive

overtime pay under those laws. Because Plaintiff was classified as exempt and did not record her hours worked, Defendant lacks knowledge sufficient to confirm or deny how many hours she worked in the workweek beginning January 30, 2023. Defendant thus denies those allegations and any remaining allegations in Paragraph 37.

**COMPLAINT ¶ 38:**

Defendant has been aware, or should have been aware, that Plaintiff and the other similarly situated individuals performed non-exempt work that required payment of overtime compensation. Defendant also required Plaintiff and the similarly situated individuals to work long hours, including overtime hours, to complete all of their job responsibilities and meet Defendant's productivity standards.

**ANSWER:**

Denied.

**COMPLAINT ¶ 39:**

Defendant knew that Plaintiff and the other similarly situated individuals worked unpaid overtime hours because Plaintiff and others complained about their long hours to keep up with their workloads and because Plaintiff's supervisors and other managers routinely received email communications and submissions after business hours, which made clear that Plaintiff and the other similarly situated individuals were working long hours.

**ANSWER:**

Denied.

**COMPLAINT ¶ 40:**

Although Defendant had a legal obligation to do so, Defendant did not make, keep, or preserve adequate or accurate records of the hours worked by Plaintiff and the other similarly situated individuals.

**ANSWER:**

Denied.

## FLSA COLLECTIVE ACTION ALLEGATIONS

**COMPLAINT ¶ 41:**

Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

**ANSWER:**

Defendant restates and incorporates by reference its responses to the above paragraphs as if fully set forth herein.

**COMPLAINT ¶ 42:**

Plaintiff brings Count I individually and on behalf of the putative FLSA Collective.

**ANSWER:**

Defendant admits that Plaintiff purports to bring Count I individually and on behalf of a putative collective. Defendant denies that Plaintiff is similarly situated to any of the individuals she purports to include or represent in this lawsuit and denies the remaining allegations in Paragraph 42.

**COMPLAINT ¶ 43:**

Plaintiff files this action on behalf of herself and all other similarly situated individuals. The putative FLSA Collective is defined as follows:

> All persons who worked as Medical Management Nurses, Utilization Management Nurses, Utilization Managers, Utilization Review Nurses, or in similar job titles who were paid a salary and treated as exempt from overtime laws and were primarily responsible for performing medical necessity reviews for Defendant in Maryland at any time since three years prior to the filing of this Complaint through judgment.

**ANSWER:**

Defendant admits that Plaintiff purports to bring suit individually and on behalf of a putative collective and class. Defendant denies that Plaintiff is similarly situated to any of the individuals she purports to include or represent in this lawsuit and denies the remaining allegations in Paragraph 43.

**COMPLAINT ¶ 44:**

Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiffs signed consent form is attached hereto as Exhibit A. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

**ANSWER:**

Defendant admits that what appears to be a copy of Plaintiff's written consent to join this lawsuit is filed with the Complaint, *see* Doc. 6. Defendant denies the remaining allegations in Paragraph 44.

**COMPLAINT ¶ 45:**

During the applicable statutory period, Plaintiff and the other similarly situated individuals routinely worked in excess of forty (40) hours in a workweek without receiving overtime compensation for their overtime hours worked.

**ANSWER:**

Defendant admits that Plaintiff was paid a salary, which compensated her for all hours worked each week, whether few or many, and classified as exempt from federal and state overtime laws. Defendant denies that Plaintiff is similarly situated to any of the individuals she purports to include or represent in this lawsuit and denies the remaining allegations in Paragraph 45.

**COMPLAINT ¶ 46:**

Defendant willfully engaged in a pattern of violating the FLSA, as described in this Complaint in ways including, but not limited to, requiring Plaintiff and the other similarly situated individuals to work excessive hours and failing to pay them overtime compensation.

**ANSWER:**

Denied.

**COMPLAINT ¶ 47:**

Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the putative FLSA Collective. Accordingly, notice should be sent to the putative FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have suffered from Defendant's practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through their records.

**ANSWER:**

Denied.

## CLASS ALLEGATIONS

**COMPLAINT ¶ 48:**

Plaintiff brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23. She sues on behalf of similarly situated individuals who worked for Defendant in the state of Maryland as Medical Management Nurses, Utilization Management Nurses, Utilization Managers, Utilization Review Nurses, or in similar job titles and who were paid a salary and treated as exempt from overtime laws within the past three years, and who performed more than 40 hours of work in a given workweek.

**ANSWER:**

Defendant admits that Plaintiff is attempting to pursue this case as a class action, and that her proposed class definition is what she says it is. Defendant denies that Plaintiff is typical of, or qualified to represent, the individuals she intends to represent, and denies that class treatment of her claims is appropriate. Defendant denies the remaining allegations in Paragraph 48.

**COMPLAINT ¶ 49:**

Class action treatment of Plaintiff's MWHL and MWPCL claims are appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

**ANSWER:**

Denied.

**COMPLAINT ¶ 50:**

The class, upon information and belief, includes dozens of individuals, all of whom are readily ascertainable based on Defendant's business records and are so numerous that joinder of all class members is impracticable.

**ANSWER:**

Denied.

**COMPLAINT ¶ 51:**

Plaintiff is a class member, and her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

**ANSWER:**

Denied.

**COMPLAINT ¶ 52:**

Plaintiff and her lawyers will fairly and adequately represent the class members and their interests.

**ANSWER:**

Denied.

**COMPLAINT ¶ 53:**

Questions of law and fact are common to all class members, because, inter alia, this action concerns Defendant's common compensation policies, as described herein. The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

**ANSWER:**

Denied.

**COMPLAINT ¶ 54:**

Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

**ANSWER:**

Denied.

## CAUSES OF ACTION

### COUNT I - VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
### (On Behalf of Plaintiff and the Putative FLSA Collective)

**COMPLAINT ¶ 55:**

Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

**ANSWER:**

Defendant restates and incorporates by reference its responses to the above paragraphs as if fully set forth herein.

**COMPLAINT ¶ 56:**

The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

**ANSWER:**

Paragraph 56 of the Complaint contains legal statements and conclusions, not allegations against Defendant. Therefore, no response is required. To the extent that a resposne is required, Defendant denies any remaining allegations in Paragraph 56.

**COMPLAINT ¶ 57:**

Defendant suffered and permitted Plaintiff and the other similarly situated individuals to routinely work more than forty (40) hours in a workweek without overtime compensation.

**ANSWER:**

Defendant admits that it classified Plaintiff as exempt and paid her a salary intended to cover all hours worked each workweek. She didn't receive overtime wages as a result. Defendant denies the remaining allegations in Paragraph 57.

**COMPLAINT ¶ 58:**

Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the other similarly situated individuals their required overtime compensation.

**ANSWER:**

Denied.

**COMPLAINT ¶ 59:**

As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the other similarly situated individuals have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the other similarly situated individuals are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

**<u>ANSWER</u>:**

Denied.

**<u>COMPLAINT ¶ 60</u>:**

By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the other similarly situated individuals, Defendant has failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

**<u>ANSWER</u>:**

Denied.

**<u>COMPLAINT ¶ 61</u>:**

The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendant knew or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

**<u>ANSWER</u>:**

Denied.

**<u>COUNT II - VIOLATION OF THE MARYLAND WAGE & HOUR LAW</u>**
**FAILURE TO PAY OVERTIME**

**(On Behalf of Plaintiff and the Putative Rule 23 Class)**

**<u>COMPLAINT ¶ 62</u>:**

Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

**<u>ANSWER</u>:**

Defendant restates and incorporates by reference its responses to the above paragraphs as if fully set forth herein.

**<u>COMPLAINT ¶ 63</u>:**

Defendant is an employer covered by the MWHL's mandates.

**ANSWER:**

Paragraph 63 contains just legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that it is an employer under the MWHL. Defendant denies that it violated the MWHL and denies any remaining allegations in Paragraph 63.

**COMPLAINT ¶ 64:**

Plaintiff and class members are employees entitled to the MWHL's protections.

**ANSWER:**

Paragraph 64 contains just legal conclusions to which no response is required. To the extent that a response is required, Defendant denies that there are any class members in this action, as no ruling on class certification has been made by this Court as is required under Rule 23. Defendant further denies that this case is appropriate for class proceedings and denies any remaining allegations in Paragraph 64.

**COMPLAINT ¶ 65:**

The MWHL entitles employees to compensation for "all hours worked" in a workweek.

**ANSWER:**

Admitted. Defendant denies that it violated the MWHL and denies any remaining allegations in Paragraph 65.

**COMPLAINT ¶ 66:**

The MWHL requires that employees receive overtime compensation "for each hour worked in excess of 40 hours per week." Md. Code Regs. 09.12.41.14A.

**ANSWER:**

Paragraph 66 contains just legal conclusions to which no response is required. To the extent that a resposne is required, Defendant denies that it violated the MWHL and denies any remaining allegations in Paragraph 66.

**COMPLAINT ¶ 67:**

Defendant has violated the MWHL by failing to pay Plaintiff and other class members overtime compensation for hours worked beyond 40 or more hours per week.

**ANSWER:**

Denied.

**COMPLAINT ¶ 68:**

Pursuant to MD Code, Labor & Empl. § 3-427, employers, such as Defendant, who fail to pay an employee wages in conformance with the MWHL, shall be liable to the employee for the wages or expenses that were not paid, court costs, and attorneys' fees incurred in recovering the unpaid wages.

**ANSWER:**

Denied.

**COUNT III - VIOLATION OF THE MARYLAND WAGE & HOUR LAW**
**FAILURE TO PAY OVERTIME**
**(On Behalf of Plaintiff and the Putative Rule 23 Class)**

**COMPLAINT ¶ 69:**

Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

**ANSWER:**

Defendant restates and incorporates the above paragraphs as if fully set forth herein.

**COMPLAINT ¶ 70:**

Defendant is an employer covered by the MWPCL's mandates.

**ANSWER:**

Paragraph 70 contains just legal conclusions to which no response is required. To the extent that a resposne is required, Defendant admits that it is an employer under the MWPCL but denies that it violated the MWPCL and denies any remaining allegations in Paragraph 70.

**COMPLAINT ¶ 71:**

Defendant's overtime policy promised to pay overtime eligible employees for all time worked over 40 hours within a workweek.

**ANSWER:**

Defendant admits that its compensation policies comply with the FLSA and state law, both of which require payment for all time worked over 40 hours in a workweek. Defendant denies that Plaintiff was eligible for overtime and denies any remaining allegations in Paragraph 71.

**COMPLAINT ¶ 72:**

Based on their primary job duty, Plaintiff Kneppar and all other class members were overtime eligible employees.

**ANSWER:**

Denied.

**COMPLAINT ¶ 73:**

By unlawfully failing or refusing to pay Plaintiff Kneppar and other class members all wages due, including overtime, on their regular paydays, Defendant has violated Md. Code Ann., Labor & Empl. § 3-502.

**ANSWER:**

Defendant denies that it failed or refused to pay Plaintiff or any putative class member any wages, and denies the remaining allegations in Paragraph 73.

**COMPLAINT ¶ 74:**

By failing to compensate Plaintiff Kneppar and other class members for all hours worked, Defendant has made unlawful deductions from Plaintiff Kneppar's and other class members' pay in violation of Md. Code Ann., Labor & Empl. § 3-503.

**ANSWER:**

Defendant denies that it failed to compensate Plaintiff or any putative class members. Defendant further denies that it made any unlawful deductions from Plaintiff or any putative class members. Defendant denies the remaining allegations in Paragraph 74.

**COMPLAINT ¶ 75:**

Defendant regularly failed or refused to compensate Plaintiff Kneppar and other class members timely and regularly for all time worked, including by failing to pay overtime pay, in violation of Md. Code Ann., Lab. & Empl., §§ 3-502, 3-505.

**ANSWER:**

Denied.

**COMPLAINT ¶ 76:**

Defendant's unlawful failure or refusal to pay all required wages in a timely and regular manner violated the MWPCL.

**ANSWER:**

Denied.

**COMPLAINT ¶ 77:**

Defendant's unlawful failure or refusal to pay all required wages was not the result of a bona-fide dispute as defined by the MWPCL.

**ANSWER:**

Defendant denies that it failed or refused to pay any required wages. The rest of this Paragraph contains just legal conclusions, to which no response is required. To the extent that a resposne is required, Defendant denies the allegations in Paragraph 77.

**COMPLAINT ¶ 78:**

Due to Defendant's violation of the MWPCL, Plaintiff Kneppar and other class members are entitled to unpaid wages, treble damages, interest, reasonable attorneys' fees and expenses pursuant to Md. Code Ann., Labor & Empl. § 3-507.2.

**ANSWER:**

Denied.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and the putative FLSA Collective and Rule 23 Class, prays for judgment against Defendant as follows:

A. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B. A finding that Plaintiff and the putative FLSA Collective are non-exempt employees entitled to protection under the FLSA;

C. A finding that Defendant violated the overtime provisions of the FLSA;

D. Judgment against Defendant in the amount of Plaintiff's and the putative FLSA Collective's unpaid back wages at the applicable overtime rates;

E. Certification of a class pursuant to Fed. R. Civ. P. 23 on the MWHL and MWPCL claims;

F. An order requiring Defendant to provide a complete and accurate accounting of all the wages to which Plaintiff and members of the class are entitled;

G. An award of all damages, liquidated and treble damages, pre-judgment interest and post judgment interest;

H. An award of attorneys' fees and costs incurred in prosecuting this action;

I. Leave to add additional plaintiffs by stipulation or motion, the filing of written consent forms, or any other method approved by the Court; and

J. For such other and further relief, in the law or equity, as this Court may deem appropriate and just.

**ANSWER:**

Defendant denies that any judgment against it is appropriate, denies all liability, and denies that Plaintiff is entitled to any relief whatsoever. Defendant denies any remaining allegations in Plaintiff's Prayer for Relief.

**JURY TRIAL DEMANDED**

Defendant hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

1. Plaintiff's Complaint fails to state a claim, in whole or in part, against Defendant upon which relief may be granted, either on her own behalf or on behalf of those persons she purports to include or represent in this lawsuit.

2. Plaintiff's claims, and those of any putative class or collective members, are barred pursuant to the overtime exemptions set forth under the FLSA, MWPCL, and the MWHL, including, but not limited to the professional exemption, as well as the administrative exemption, the executive exemption, the combination exemption, and/or, depending on compensation, the highly compensated employee exemption.

3. Plaintiff's claims and those of any putative members of the alleged class and collective, are barred or limited by the applicable statute of limitations. Further, a two-year statute of limitations applies to the FLSA claims in this case because Plaintiff and the putative members of the alleged FLSA collective cannot establish that a willful violation of the FLSA has occurred. As such, the statute of limitations can be no longer than two years, as provided under the FLSA.

4. Subject to proof through discovery, some or all of Plaintiff's claims and those of the putative members of the collective and/or class are barred, in whole or part, by the doctrines of release, waiver, consent, and accord and satisfaction.

5. The claims in Plaintiff's Complaint may not be maintained as a collective action under the FLSA or a class action under Rule 23 because Plaintiff is not similarly situated to the putative members of the alleged FLSA collective, and she cannot establish the existence of each of the requirements for certification of a collective (conditional or otherwise) or a class under 29 U.S.C. § 216(b), Rule 23, or other relevant legal authority.

6. Plaintiff's claims, and those of any putative class or collective members are barred to the extent that some or all of the time they claim to have worked is not compensable pursuant to the provisions of the Portal-to Portal Act of 1947.

7. Subject to proof through discovery, Plaintiff's claims and those of the putative members of the alleged collective and/or class are barred, in whole or in part, by the doctrines of unclean hands.

8. Defendant states, in the alternative, if necessary, that it acted in good faith and in reasonable reliance on an administrative regulation, order, ruling, approval, or interpretation of the U.S. Department of Labor, or an administrative practice or enforcement policy of the U.S. Department of Labor with respect to the class of employers to which Defendant belongs. *See* 29 U.S.C. §§ 258 and 259.

9. Defendant states, in the alternative, if necessary, that it may not be required to pay liquidated damages because its acts or omissions were in good faith and Defendant had

reasonable grounds for believing that its acts or omissions were not a violation of the FLSA. *See* 29 U.S.C. § 260. Pleading in the alternative, Plaintiff and putative members of the alleged collective and/or class cannot recover both liquidated damages and pre-judgment interest because those forms of relief are duplicative of each other.

10. Defendant at all times, and in all manners, acted in accordance with any and all duties and obligations under the FLSA, MWHL, and their respective regulations.

11. Subject to proof through discovery, Plaintiff's claims and those of putative members of the alleged collective and/or class may be barred or limited by the doctrine of judicial estoppel. Specifically, if Plaintiff or any putative member of the alleged collective and/or class makes representations in this lawsuit that are inconsistent with prior representations to another court or governmental agency, then Plaintiff or those of such putative member of the alleged collective and/or class, may be barred by the doctrine of judicial estoppel.

12. Subject to proof through discovery, some or all of Plaintiff's claims and those of the putative members of the alleged collective and/or class may be barred by the doctrines of *res judicata* and/or collateral estoppel to the extent that any Plaintiff or putative member of the alleged collective and/or class has asserted in any prior legal or administrative proceeding that he or she was entitled to payment for claims alleged in this Complaint and did not prevail on such claim.

13. Without waiver of any argument or defense denying liability as to the claims asserted in Plaintiff's Complaint, Defendant is entitled to a set-off and/or credit for any amounts paid to Plaintiff or any putative member of the alleged collective and/or class that they were not entitled to receive, including, but not limited to, for work they never performed or for inadvertent overpayment.

14. Without waiver of any argument or defense denying liability as to the claims asserted in Plaintiff's Complaint, Defendant is entitled to a set-off and/or credit for any amounts paid to Plaintiff or any putative member of the alleged collective and/or class that she or they would not have been entitled to receive had she or they been paid in accordance with her or their arguments advanced in this litigation.

15. Plaintiff's claim for overtime under the FLSA and MWHL, and the overtime claim of putative members of the alleged collective and/or class, is based in whole or in part on noncompensable activities, including pre- and post-liminary activities, and activities that took a *de minimis* amount of time.

16. Plaintiff and putative members of the alleged collective and/or class have received full payment for all work performed, thereby barring their respective claims.

17. Plaintiff and the putative members of the alleged class are not entitled to treble damages under the MWPCL because they have not alleged any consequential damages from any alleged underpayment.

18. Defendant cannot be liable for treble damages or attorneys' fees under the MWPCL because a bona fide dispute exists between Plaintiff and Defendant as to whether any wages

or compensation is due and owing under the provisions of her employment and/or statutory law.

DATED: May 30, 2023

Respectfully submitted,

By: */s/ Christine M. Costantino*

Christine M. Costantino
Va. Bar No. 86986
SEYFARTH SHAW LLP
975 F. Street, NW
Washington, DC 20004
Telephone: (202) 463-2400
Facsimile: (202) 828-5393
ccostantino@seyfarth.com

Kevin M. Young*
kyoung@seyfarth.com
Brett C. Bartlett*
bbartlett@seyfarth.com
Lennon B. Haas*
lhaas@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA 30309
Telephone: (404) 885-1500
Facsimile: (404) 856-7092

* *Pro Hac Vice Applications forthcoming*

*Counsel for Defendants*